[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14569
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00007-RWS-JCF-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAJUANIS ARMSTRONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 23, 2018)

Before JULIE CARNES, HULL, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jajuanis Armstrong appeals his 96-month sentence for stealing firearms, in violation of 18 U.S.C. §§ 922(u), 924(i), and 2.  He contends that the sentence is procedurally and substantively unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors or adequately explain its reason for imposing an upward variance.  We see no reversible error.

We review the reasonableness of a sentence, even when it is outside of the guideline range, under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence may be procedurally unreasonable if the sentencing court fails to consider the 18 U.S.C. § 3553(a) factors.  *Id.*  We however do not require a district court to state on the record that it has explicitly considered each of the § 3553(a) factors; we will consider it sufficient where the district court acknowledges that it considered the defendant's arguments and the § 3553(a) factors.  *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).  In sentencing a defendant, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  The district court must explain its decision to impose a variance from the Guidelines, providing a justification that is

2

"sufficiently compelling to support the degree of variance." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence. *Gall*, 552 U.S. at 51. In reviewing a district court's sentence for substantive reasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentence may be substantively unreasonable if a district court unjustifiably relied on a § 3553(a) factor or failed altogether to consider pertinent § 3553(a) factors. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

The district court's sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The district court should also consider the nature and circumstances of the offense and history and characteristics of the defendant, the kinds of sentences available, the guideline range, pertinent policy statements of the Sentencing Commission, the need to avoid

3

unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in the light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). As such, the district court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). We will not remand for resentencing unless left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside of the range of reasonable sentences based upon the facts of the case. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). That we may reasonably conclude a different sentence is appropriate is insufficient for reversal. *Gall*, 552 U.S. at 51.

Armstrong's sentence is procedurally reasonable. The district court was not required to analyze the sequence in which he received his state and federal sentences, but rather, the § 3553(a) factors, which the court considered and addressed. The district court also explained its decision to vary upwards, based on

4

the need to punish Armstrong appropriately, given the seriousness of his offense and history, while also allowing him access to rehabilitative programs. *See Irey*, 612 F.3d at 1196.

Armstrong's sentence is substantively reasonable because the § 3553(a) factors support his sentence. *See Gonzalez*, 550 F.3d at 1324. Though Armstrong argues that his sentence is unreasonable given his personal characteristics and asserted sentencing disparity, these things are both issues that the district court specifically considered. The district court was entitled to afford great weight to Armstrong's history and characteristics. Regardless of the timing of his state and federal cases, Armstrong does not dispute the violent nature of those offenses. *See Clay*, 483 F.3d at 743. The district court used its discretion in weighing the § 3553(a) factors, and the sentence is not outside the range of reasonable sentences given the facts of the case. *See Croteau*, 819 F.3d at 1309.

**AFFIRMED.**